IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Rosalind Nate Banks, | ) | C.A. No.: 6:19-cv-02654-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Secretary of the Department of Homeland Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] (DE 42.) Rosalind Banks ("Banks"), a former employee of the Transportation Security Administration ("TSA"), proceeding *pro se*, seeks damages based on allegations that the Defendant "discriminated against [her] due to [her] ethnicity (Hispanic)" in violation of Title VII of the Civil Rights Act of 1964. (DE 11-1.) Defendant filed a motion to dismiss for failure to state a claim under the Federal Rules of Civil Procedure 12(b)(6). (DE 34-1.)

On September 19, 2019, the Plaintiff filed her complaint. (DE 1.) On October 8, 2019, the magistrate judge issued an order finding that the Plaintiff's complaint was subject to summary dismissal because it failed to state a claim upon which relief can be granted. (DE 9.) The Plaintiff

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

was given an opportunity to correct the defects in her complaint as identified in the order. Id. The Plaintiff filed an amended complaint on October 24, 2019, and service of process was authorized on October 28, 2019. (DE 11-1,16.) The Defendant was served on March 11, 2020, the United States Attorney for the District of South Carolina was served on May 28, 2020, and the Attorney General of the United States was served on May 29, 2020. (DE 27, 32.)

On July 24, 2020, the Defendant filed a motion to dismiss the Plaintiff's amended complaint. (DE 34.) On July 27, 2020, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment and motion to dismiss procedures and the possible consequences if she failed to respond adequately to the motion. (DE 37.) On August 31, 2020, the plaintiff filed a response in opposition to the motion to dismiss. (DE 39.) The Defendant filed a reply on September 4, 2020. (DE 41.)

Banks filed an objection to the Report and Recommendation; however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the Plaintiff's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the magistrate judge's Report and

Recommendation, or merely restate her claims. Accordingly, after review, the court finds that the Plaintiff's objections are without merit.

Additionally, the Report and Recommendation recommends that as the Plaintiff has previously been given an opportunity to file an amended complaint, the court should also dismiss this action with prejudice and without leave for further amendment. See <u>Workman v. Morrison Healthcare</u>, 724 F. App'x 280, 281 (4th Cir. 2018) (indicating that because "the district court already ... afforded Workman the opportunity to amend," it could "dismiss the complaint with prejudice"). In her objection to the Report and Recommendation, the Plaintiff indicates she would like to retain counsel if this action is not dismissed. After a thorough review of the magistrate judge's Report and the record in this case, the court adopts the Report and Recommendation and incorporates it herein by reference, except the Court orders that the case be dismissed without prejudice.

It is therefore **ORDERED** that the Defendants' motion to dismiss for failure to state a claim (DE 34) be granted, and the Plaintiff's action is dismissed without prejudice.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
February 23, 2021

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.